IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**PETER GEORGE LIOUNIS,**

      Plaintiff,

      v.                                            **Civil Action No.: 5:23-CV-311**
                                                                           Judge Bailey

**UNITED STATES OF AMERICA,**

      Defendant.

## REPORT AND RECOMMENDATION

### I. Background

On October 2, 2023, plaintiff initiated this *pro se* civil action by filing a Complaint under the Federal Tort Claims Act ("FTCA"). Plaintiff is a federal inmate who at the time the allegations occurred was incarcerated at FCI Gilmer in Glenville, West Virginia. Plaintiff's Complaint sets forth claims for intentional infliction of emotional distress and medical negligence based on the Bureau of Prison's ("BOP") failure to enact guidance on Aerosol Generating Procedures relating to plaintiff's use of a CPAP machine. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the stay in this case be lifted and that the Complaint be dismissed.

## II. Prior FTCA Case

On August 22, 2022, plaintiff filed a Complaint pursuant to the FTCA in this district. ***Liounis v. United States of America***, Civil Action Number 5:22-CV-201. In that case, plaintiff complained that authorities at FCI Gilmer failed to comply with Bureau of Prisons ("BOP") Guidance on Aerosol Generating Procedures. Plaintiff suffers from sleep apnea requiring the use of a CPAP machine. During the pandemic, plaintiff's CPAP machine was not confiscated from him and he was permitted to use it; plaintiff alleged that because of this inaction on the part of officials at FCI Gilmer, he suffered mental and emotional distress as well as a litany of symptoms. *See* Civil Action Number 5:22-CV-201 [Doc. 1]. Plaintiff's Complaint set forth a claim for intentional infliction of emotional distress and for negligence.

On September 8, 2022, this Court entered an Order dismissing plaintiff's case on initial review, finding that the claims presented were barred by the discretionary function exception. Id. at [Doc. 7]. On December 14, 2023, the Fourth Circuit affirmed the dismissal. Id. at [Doc. 16].

## III. The Complaint

On October 2, 2023, while his prior case was pending on appeal, plaintiff filed the instant Complaint. In his Complaint, plaintiff brings two claims based on the BOP's failure to comply with Guidance on Aerosol Generating Procedures. First, petitioner alleges intentional infliction of emotional distress. [Doc. 1 at 6]. Plaintiff alleges that after filing his first lawsuit, he suffered new injuries, including contracting COVID-19, mental health injuries including hopelessness and helplessness, and that existing injuries were further exacerbated. [Id. at 11–13]. Plaintiff alleges that despite BOP Guidance advising that

patients using CPAP machines be given full-face, non-vented masks with inline viral filters, plaintiff was never provided a non-vented mask or inline viral filter. [Id. at 13–14]. Second, plaintiff alleges medical negligence arising out of the same guidance and prison staff's decision *not* to confiscate his CPAP machine. [Id. at 17–18]. For relief, plaintiff seeks $20,000,000 in damages. [Id. at 9].

On November 2, 2023, this Court stayed the case pending the outcome of the appeal in Civil Action Number 5:22-CV-201.

### IV. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which

---

[1] *Id.* at 327.

3

the plaintiff has little or no chance of success. See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

## V. Analysis

The undersigned finds that the case should be dismissed. Plaintiff has brought claims nearly identical to his previous case, providing additional examples of injury and documentation of BOP policies. Indeed, plaintiff describes the injuries as "aris[ing] out of the same set of facts as the earlier claim." [Doc. 1 at 7, 11]. Plaintiff's earlier case was dismissed because the Court found that the discretionary function exception barred his claims and the Court thus lacked subject matter jurisdiction. The discretionary function exception is codified in subsection (a) of the exceptions statute:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680.

In **Blanco Ayala v. United States**, 982 F.3d 209, 214–15 (4th Cir. 2020), the Fourth Circuit summarized the analysis which must be performed to determine whether the discretionary function exception bars an FTCA claim:

> To determine whether the exception applies, we must first ascertain whether the acts in question "are discretionary in nature," such that they "involv[e] an element of judgment or choice." **United States v. Gaubert**, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) (quoting **Berkovitz v. United States**, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988)). The exception does "not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." **Berkovitz**, 486 U.S. at 536, 108 S.Ct. 1954.
>
> Second, we must determine whether the challenged "governmental actions

and decisions" were "based on considerations of public policy." *Id*. at 537, 108 S.Ct. 1954. When statutes, regulations, or agency guidelines grant discretion to a government agent, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." ***Gaubert***, 499 U.S. at 324, 111 S.Ct. 1267. In conducting this analysis, we do not "inquire whether policy considerations were actually contemplated in making a decision." ***Smith v. Wash. Metro. Area Transit Auth.***, 290 F.3d 201, 208 (4th Cir. 2002). Rather, we consider only whether "the nature of the challenged decision in an objective, or general sense, ... is one which we would expect inherently to be grounded in considerations of policy." ***Baum***, 986 F.2d at 721.

As to the first prong articulated in ***Blanco Ayala***, the Supreme Court has stated that "conduct cannot be discretionary unless it involves an element of judgment or choice." ***Berkovitz by Berkovitz v. United States***, 486 U.S. 531, 536 (1988). Further, "if the employee's conduct cannot appropriately be the product of judgment or choice then there is no discretion in the conduct for the discretionary function exception to protect." ***Id***. "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" ***United States v. Gaubert***, 499 U.S. 315, 322 (1991) (quoting ***Berkovitz***).

In plaintiff's previous case, the Court found the near-identical claims were "clearly barred by the discretionary function exception." Civil Action Number 5:22-CV-201 [Doc. 7 at 7]. The undersigned sees no reason the same conclusion should not apply here.

## VI. Recommendation

For the reasons set forth above, it is the undersigned's recommendation that the stay in this case be lifted and that the Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

The parties shall have **fourteen days** from the date of service of this Report and

5

Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to plaintiff's last known address as reflected on the docket sheet.

**DATED**: January 25, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE